United States District Court
Southern District of Texas

**ENTERED**

May 18, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PULSE HEALTH SERVICES and<br>E.W. JOHNSON, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-20-048 |
| | § | |
| FDIC and JP MORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the undersigned Magistrate Judge for all pretrial proceedings is Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint (Document No. 5), Defendant Federal Deposit Insurance Corporation's Motion to Dismiss Plaintiffs' Complaint (Document No. 12), Defendant Federal Deposit Insurance Company's Motion to Strike Plaintiffs' Original Petition (Document No. 13), and Plaintiffs' Motion to Amend Complaint (Document No. 18). Having considered those motions, the responses and additional briefing, the claims and allegations in Plaintiffs' live pleading, and the prior litigation between Plaintiffs and Defendants relative to the real property at issue in this case, which resulted in the dismissal with prejudice of Plaintiffs' claims against Defendants, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motions to Dismiss (Document Nos. 5 & 12) be GRANTED, that Plaintiffs' Motion to Amend (Document No. 18) be DENIED, and that Defendant FDIC's Motion to Strike (Document No. 13) be rendered MOOT upon the granting of Defendants' Motions to Dismiss.

## I.      Background

This is a mortgage foreclosure case filed by Plaintiffs in state court on December 10, 2019. In the state court petition they filed, Plaintiffs Pulse Health Services and E.W. Johnson allege that they "are owners of the real property located at 2003 Darby Lane, Fresno, Fort Bend County Texas," (referred to hereafter as "the Property"), that Defendant JP Morgan Chase Bank, National Association ("Chase") foreclosed on the Property on April 2, 2019, and that Defendants did not have the right or the standing to foreclose on the Property.  Based on their allegations that the note was not properly assigned to Chase, and that Chase did not "meet the conditions precedent under the deed of trust to properly foreclose," Plaintiffs asserted three claims against Defendants: for declaratory relief; to quiet title; and for violations of section 12.002 of the Texas Civil Practice and Remedies Code.  Defendant Federal Deposit Insurance Corporation ("FDIC") removed the case to this Court. Shortly thereafter, Chase and FDIC filed separate Motions to Dismiss (Document No. 5 & 12). FDIC also filed a Motion to Strike (Document No. 13), seeking to strike Plaintiffs' *pro se* state court pleading on the basis that it was not signed by Plaintiff Johnson and not signed by a person authorized to act on behalf Plaintiff Pulse Health Services.  Plaintiffs filed both a response to those motions by Defendants, and a Motion to Amend.  All of the motions are, as of this date, ripe for ruling.

## II.     Rule 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

A Rule 12(b)(6) motion premised on a defendant's affirmative defense can only be granted if the defense appears "on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017); *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994) ("[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate."); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986) ("Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."). In determining whether dismissal is warranted based on an affirmative defense, both facts alleged in the complaint and judicially noticed facts may be considered. In the context of this case, that Defendants' res judicata affirmative defense may be raised and decided in a Rule 12(b)(6) motion if the "res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); *see also Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir.2010) ("[d]ismissal ... on res judicata grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings"). As for what facts are subject to judicial notice in a Rule 12(b)(6) context, public documents are clearly matters of which the court

can take judicial notice.  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").  Public documents include court filings and court records. *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 412 n.6 (S.D. Tex. 2009) ("Courts have taken judicial notice of official court records and proceedings in other state or federal court cases").

### III.    Discussion

Both Chase and FDIC, in their respective Motions to Dismiss, argue that Plaintiffs' claims are barred by res judicata.[1]  According to Defendants, Plaintiffs raised the same claims against them, based on the same allegations, in a prior lawsuit in this Court, *Emmitt W. Johnson v. FDIC and JP Morgan Chase Bank*, Civil Action No. 19-3616, which was dismissed with prejudice by agreement of the parties.  Defendants maintain that the prior dismissal, with prejudice, operates as bar to Plaintiffs' re-litigation of those same claims herein.  In addition, Defendants argue that Plaintiffs should not be allowed to amend their pleadings because the amendment would be futile insofar as the parties Plaintiffs seek to add to this case "are identical or in privity with those" in the prior suit, and the additional claim for breach of contract arises from the same underlying facts, rendering the

---

[1] FDIC also argues in its Motion to Dismiss (Document No. 12) that Plaintiffs failed to exhaust their administrative remedies with the FDIC prior to filing suit against it, and that Plaintiffs' tort claim and declaratory judgment claim cannot be pursued against the FDIC as a matter of law.  Exhaustion of administrative remedies is generally a jurisdictional prerequisite to filing suit against the FDIC in federal court, *FDIC v. Scott*, 125 F.3d 254 (5th Cir. 1997); *Whatley v. Resolution Trust Corp.*, 32 F.3d 905, 907 (5th Cir. 1994).  Because Plaintiffs have not addressed the exhaustion argument in their Response, and because FDIC has submitted evidence that Plaintiffs "have not submitted any claims to FDIC-R in the WaMu receivership, and there are no records relating to any claims submitted by them to FDIC-R in the WaMu receivership at any time," *see* Declaration of Donald G. Grieser (Document No.12-2 at 3), Plaintiffs' claims against Defendant FDIC are also subject to dismissal on that basis.

proposed amendment subject to the same res judicata bar.

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). A claim is barred by res judicata when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* In determining whether the parties in both suits are identical or in privity, the court may look to whether there is a pre-existing legal relationship between the parties in the two actions. *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). Pre-existing legal relationships between parties and non-parties that arise, for example, from the preceding and succeeding ownership of property, bailment agreements, or assignments, are sufficient to establish the identity or privity needed for res judicata to apply. *Id.* In determining whether "the same claim or cause of action was involved in both actions," the court looks to "whether the two actions are based on the 'same nucleus of operative facts.'" *Test Masters*, 428 F.3d at 571. "[I]f the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same." *Hall v. Tower Land & Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975). In addition, regardless of the actual claims raised in an action, "[r]es judicata extends beyond claims that were actually raised and bars all claims that 'could have been advanced in support of the cause of action on the occasion of its former adjudication ... " *Maxwell v. U.S. Bank, N.A.*, 544 Fed.Appx. 470, 472 (5th Cir. 2013) (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Here, a comparison of the claims, allegations and parties in Civil Action No. H-19-3316 establishes, conclusively, that the claims asserted by Plaintiffs herein are barred by res judicata.

First, the defendants in Civil Action No. H-19-3316 (Chase and FDIC) are the same Defendants in this case.  In addition, although Plaintiff Johnson was the sole plaintiff in Civil Action No. 19-3316, and there are two plaintiffs in this case (Johnson and Pulse Health Services), there is privity between Johnson and Pulse Health Services, who are claimed to be joint owners of the Property, for purposes of the identity of parties element of res judicata.  Second, the dismissal in Civil Action No. H-19-3316 was entered by United States District for the Southern District of Houston, United States District Judge Lynn N. Hughes presiding, a court of competent jurisdiction.  Third, the dismissal with prejudice in Civil Action No. H-19-3316 was a final order on the merits.  *See Schwartz v. Folloder*, 767 F.2d 125, 129-130 (5th Cir. 1985) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties") (quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir.1964)).  Fourth, this case involves the same claims and causes of action, and the same allegations as in Civil Action No. H-19-3316. Plaintiff Johnson alleged in Civil Action H-19-3316 that he was not given credit for certain payments made on the note, that there was an invalid assignment of the note to Chase, and that Defendants did not meet the conditions precedent to foreclose.  Like this case, Civil Action No. H-19-3316 was filed after the foreclosure sale in April 2019.   The only difference, and it is a difference without any significance whatsoever, is that Plaintiff Johnson was represented by counsel in Civil Action No. H-19-3316, and Plaintiffs herein as proceeding *pro se.*  As each of the elements of res judicata are established based on the public documents and records from Civil Action No. H-19-3316, res judicata bars the consideration of Plaintiffs claims herein.  *See e.g. Boykin v. Randolph Vincent, Jr.*, Civil Action No. 4:19-cv-01401, 2020 WL 1686852 *3-4 (S.D. Tex. Apr. 6, 2020) (finding foreclosure related claims, which were raised in a prior lawsuit, to be barred by res judicata); *Rivas*

*v. U.S. Bank, N.A.*, Civil Action No. 4:19-CV-2021, 2019 WL 3892834 *2 (S.D. Tex. July 29, 2019) (recommending dismissal, on res judicata grounds, case that alleged foreclosure related claims that had been litigated in prior lawsuits), *recommendation adopted*, 2019 WL 3891908, at *1 (S.D. Tex. Aug. 16, 2019).          As for Plaintiffs' pending Motion for Leave to Amend, it is, for the reasons set forth by Defendants in their Joint Response (Document No. 22), futile.  Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies... unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Here, Plaintiffs' proposed amendment seeks to add two new Plaintiffs to this case, Loida Cruz and Superior Consulting Services.  While Plaintiffs have not identified who these additional Plaintiffs are, or their relationship to the Property, to the extent either would have standing to challenge the foreclosure at issue in this case, they would have to be in privity with Plaintiff Johnson and Pulse Health Services, the alleged owner(s) of the Property.  As for the breach of contract claim Plaintiffs seek to add, because it is based on the same allegations as the claims asserted by Plaintiffs in both their state court petition in this case and in their state court petition in Civil Action No. H-19-3316, that breach of contract claim would also be subject to the res judicata bar.  The proposed amendment cannot overcome the res judicata bar made the basis of Defendants' Motions to Dismiss, and, as such, the proposed amendment is futile.  Plaintiffs' Motion to Amend should be denied on that basis.

## IV.   Conclusion and Recommendation

Based on the foregoing, and the conclusion that Plaintiffs' claims are barred by res judicata, and that Plaintiffs' proposed amendment could not overcome or otherwise circumvent the res judicata bar, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 5 & 12) be GRANTED, and that Plaintiffs' Motion to Amend (Document No. 18) be DENIED.   This Recommendation, is accepted, would render MOOT Defendant FDIC's Motion to Strike.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.   Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b).   Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).   Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).   The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 18th day of May, 2020.

Frances H. Stacy
United States Magistrate Judge

8